O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5935 AHM (CWx) | Date | September 18, 2008 |
|---|---|---|---|
| Title | SEVILLE CONSTRUCTION SERVICES, INC. v. GEORGOPOULOS DESIGN ENVIRONMENTS, INC., ET AL., *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys **NOT** Present for Plaintiffs: | | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

On July 18, 2008, Plaintiff filed this action in state court for damages related to defendants' alleged breach of contract, breach of implied covenant of good faith and fair dealing, and professional negligence. Notice of Removal ("NOR") at 6. On September 10, 2008, Defendant served on Plaintiff, by mail, a cross-claim for breach of contract, breach of implied covenant of good faith and fair dealing, unfair business practices, and copyright infringement. NOR at 26. On the same day, Defendant also removed this action to federal court alleging removal jurisdiction based on a federal question. NOR, ¶ 3; 28 U.S.C. § 1441(b). Defendant states that "Because copyright infringement is alleged by defendant, and if sued on alone that claim or cause of action would be one over which the court has original jurisdiction under the provisions of Section 1331 of Title 28 of the United States Code because it arises under 17 U.S.C. Section 102. [sic] Therefore, by virtue of the provisions of Section 1441 of Title 28 of the United States Code, this entire case is one that may be removed to this court." NOR at 2, ¶ 3.

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Sys., Inc.,* 80 F.3d 339 (9th Cir. 1996). Jurisdiction must be determined from the face of the complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386 (1987). A federal court has jurisdiction over claims "arising under" federal law. 28 U.S.C. § 1331. The federal question must be clear from the well-pleaded complaint; a responsive pleading such as a counterclaim, cross-claim, or third-party claim cannot form the basis for federal question jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826 (2002); *see also* 2 Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* § 704.5 (The Rutter Group 2008). A court may *sua sponte* remand a case to state court for lack of subject matter jurisdiction without

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5935 AHM (CWx) | Date | September 18, 2008 |
|---|---|---|---|
| Title | SEVILLE CONSTRUCTION SERVICES, INC. v. GEORGOPOULOS DESIGN ENVIRONMENTS, INC., ET AL., *et al.* | | |

briefing or hearing if the lack of jurisdiction is clear.  *Cooper v. Washington Mut. Bank*, 2003 WL 1563999 (N.D. Cal. 2003); 2 Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* § 1092 (The Rutter Group 2008).

In this case, the action for breach of contract and other state law claims clearly does not present a federal question and the cross-claim does not provide the basis for jurisdiction.  Thus, the Court hereby REMANDS this case to the Superior Court of the State of California for the County of Los Angeles, Central District.

|  | : |  |
|---|---|---|
| Initials of Preparer | SMO | |

**Make JS-6**